...

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL R. BLACK, MAIRE E. BLACK a.k.a. MARIE BLACK; HOPE SPRINGS, CORPORATION SOLE; B.C. TRUST, MARIE BLACK AND WILLIAM SHOENMAKER, TRUSTEES; SUMMER HILL FREEDOM TRUST, a.k.a. SUMMER HILL TRUST, a.k.a. SUMMER HILL ORCHARD TRUST, DANIEL BLACK AND MAIRE BLACK, TRUSTEES; & CHELAN COUNTY TREASURER,<br><br>    Defendants. | NO. CV-07-355-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion to Dismiss the Complaint or, In the Alternative, Motion for Summary Judgment (Ct. Rec. 18). The motion was heard without oral argument.

On November 2, 2007, Plaintiff filed a complaint to reduce to judgment outstanding federal tax liabilities assessed against Daniel R. Black and Maire E. Black; to foreclose federal tax liens against certain real property; and to have purported transfers of those properties declared fraudulent as against the United States (Ct. Rec. 1).

Rather than file an answer to the complaint, Defendants Daniel Black and Maire E. Black filed a motion to dismiss the complaint. Defendants cite nineteen

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ~ 1**

reasons why the complaint should be dismissed:

1. The Complaint fails to allege what specific process the alleged "direction of the Attorney General of the United States" takes to authorize this action and fails to identify the specific authorizing documents that authorizes this civil action against Defendants.

2. The Complaint fails to identify the Chief Counsel of the Internal Revenue Service by name, and fails to identify authorizing documents supplied by the Chief Counsel that authorized this civil action against Defendants.

3. The Complaint fails to identify the person who allegedly made the assessments of federal income taxes, penalties and interest against Daniel R. Black.

4. The Complaint fails to allege that a Notice of Deficiency was prepared and served upon Defendant Daniel R. Black by Registered or Certified mail.

5. The Complaint fails to identify the supporting documents that were used to arrive at the alleged assessment against Defendant Daniel R Black.

6. The claims against Defendant Daniel R. Black must be dismissed as time-barred.

7. The Complaint fails to identify the person who allegedly made the assessments of federal income taxes, penalties and interest against Defendant Maire E. Black.

8. The Complaint fails to allege that a Notice of Deficiency was prepared and served upon Defendant Maire E. Black by Registered or Certified mail.

9. The Complaint fails to identify the supporting documents that were used to arrive at the alleged assessment against Defendant Maire E. Black.

10. The claims against Defendant Maire E. Black must be dismissed as time-barred.

11. The Complaint fails to identify the person who allegedly made the assessments of federal income taxes, penalties and interest against Daniel R. Black

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ~ 2**

and Maire E. Black.

12. The Complaint fails to allege that a Notice of Deficiency was prepared and served upon Defendants Daniel R. and Maire E. Black by Registered or Certified mail.

13. The Complaint fails to identify the supporting documents that were used to arrive at the alleged assessment against Defendants Daniel R. And Maire E. Black.

14. The claims against Defendants Daniel R. and Maire E. Black must be dismissed as time-barred.

15. The Complaint fails to allege any facts to support allegations that Hope Springs Corporation Sole was not properly formed under RCW § 24.12.010 and RCW § 24.12.030.

16. The Complaint fails to allege any facts to support allegations that Hope Springs Corporation Sole's receipt of Parcel A was the result of a fraudulent conveyance.

17. The failure of the Complaint to allege facts deprives Defendants of their substantive and due process rights to prepare a defense.

18. The Court is without subject matter jurisdiction because Plaintiffs have failed to plea adequate facts.

19. The Court is without subject matter jurisdiction to permit this action to proceed.

## DISCUSSION

**A.    Standard of Review**

Defendants' motion indicates that they are moving to dismiss the complaint, or in the alternative, seek summary judgment. Defendants have not made any arguments in support of summary judgment, nor do they cite to Fed. R. Civ. P. 56. Rather, it is clear that Defendants are seeking to dismiss the action for lack of

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ~ 3**

subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Thus, the Court will proceed accordingly.

The purpose of Rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). A motion to dismiss does not involve evaluating the substantive merits of the claim. *Id.* Indeed, "the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

The standard is viewed liberally in favor of plaintiffs. *Cervantes,* 5 F.3d. at 1275. Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should not be dismissed unless plaintiff fails to state an adequate "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need only satisfy the Rule 8(a) notice pleading standards to survive a Rule 12(b)(6) dismissal. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citations omitted). The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

In ruling on a Rule 12(b)(6) motion, the court must evaluate whether, in the light most favorable to the pleader, resolving all discrepancies in the favor of the pleader, and drawing all reasonable inferences in favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Id.* In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.* Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ~ 4**

cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104. Moreover, Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

**B.    Defendants' Arguments**

The Court finds that Defendants' arguments are without merit.

First, the United States has complied with the applicable procedural requirements and pleading requirements to permit the Court to have jurisdiction over this matter. *See Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) ("The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitute a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees.").

Second, the Complaint provides sufficient information regarding the underlying tax assessments.

Third, the Complaint alleges that Defendants failed to file individual tax returns for the relevant tax years. The statute of limitations cited by Defendants only applies where a return has been filed.

Fourth, contrary to Defendant's assertions, the United States has sufficiently plead the existence of property rights based on the federal tax liens at issue. *See United States v. Craft*, 535 U.S. 274, 276 (2002); *Drye v. United States*, 528 U.S. 49, 56 (1999).

Finally, the Complaint meets the requirements of Fed. R. Civ. P. 8(a)(2).

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to Dismiss the Complaint or, in the Alternative, Motion for Summary Judgment (Ct. Rec. 18) is **DENIED**.

2.    Defendant's Second Motion for Enlargement of Time to Answer

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ~ 5**

1 | Complaint (Ct. Rec. 16) is **DENIED**, as moot.
2 |     3.   Within two weeks from the date of this Order, Defendants are directed
3 | to file an Answer to the Complaint.
4 |   **IT IS SO ORDERED.**  The District Court Executive is directed to enter
5 | this Order and forward copies to counsel.
6 |   **DATED** this 5th day of January, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Black\deny.wpd

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ~ 6**