UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL R. BLACK, *et al.*,<br><br>  Defendants. | NO. CV-07-355-RHW<br><br>**ORDER DENYING DEFENDANTS DANIEL R. BLACK AND MAIRE E. BLACK'S MOTION TO DISMISS** |

Before the Court are Defendants Daniel R Black's and Maire E. Black's Motion to Dismiss (Ct. Rec. 136). The motion was heard without oral argument.

Defendants argue that the Court lacks subject matter jurisdiction because the United States have failed to establish that the Attorney General of the United States and Secretary of the Treasury have authorized the suit. Defendants rely on 26 U.S.C. § 7401, which states:

> No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

Ordinarily the Court will presume that a civil tax enforcement action has been commenced with the proper authorization by the Secretary of the Treasury and the United States Attorney General. *Palmer v. IRS*, 116 F.3d 1309, 1311 (9th Cir. 1997). A letter from the legal office of an agency of the Department of Treasury authorizing the commencement of a lawsuit is sufficient to establish the first requirement of section 7401. *See United States v. Walters*, 638 F.2d 947, 940

**ORDER DENYING DEFENDANTS DANIEL R. BLACK AND MAIRE E. BLACK'S MOTION TO DISMISS ~ 1**

(6th Cir. 1981).

The United States Attorney, as a delegate of the Attorney General, has the statutory authority to institute forfeiture proceedings. *Walters*, 638 F.2d at 951. As the Sixth Circuit explained,

> While the United States Attorney General has broad supervisory power over all United States Attorneys, 28 U.S.C. § 519, the need for an efficient administration of our complex and ever burgeoning justice system has necessitated delegation of the Attorney General's supervisory powers to the United States Attorney. Pursuant to 28 U.S.C. § 547, the United States Attorney has broad authority to represent the government and prosecute cases. The authority to institute and prosecute forfeiture proceedings for the violation of all revenue laws is specifically delegated to each United States Attorney in Section 547(4).

*Id.*

A United States Attorney is authorized to commence an action to convert an Internal Revenue Service assessment into a judgment, 28 U.S.C. § 542(2), and a United States Attorney may delegate an assistant United States Attorney to commence such an action on her behalf, 28 U.S.C. § 542.

Here, the Government has provided a May 4, 2006 letter from the Area Counsel of the Department of Treasury, Internal Revenue Service, Office of Chief Counsel, Small Business/Self-Employed Division Counsel to the Assistant Attorney General, Tax Division, Department of Justice requesting that the Department of Justice file an action against Daniel L. Black and Maire E. Black and any other necessary parties to collect the federal tax assessments of income tax for years 1987 through 2000, and to reduce the tax liabilities to judgment and foreclose the federal tax liens against the taxpayers' real property including their personal residence. (Ct. Rec. 22-2, Ex. 1).

Defendants argue that a letter from Area Counsel for the Department of Treasury is not sufficient. As set forth in *Hughes v. United States*, the Secretary of Treasury has the power to collect taxes, and such power can be delegated to local IRS agents. 953 F.2d 531, 536 (9th Cir. 1992). Notably, Defendant has not provided any case law that supports his argument that the authorization must be

**ORDER DENYING DEFENDANTS DANIEL R. BLACK AND MAIRE E. BLACK'S MOTION TO DISMISS ~ 2**

from the Secretary of the Treasury, and not from a delegated official.  Moreover, 26 U.S.C. § 7701(1) defines the term "Delegate" to mean:

> when used with reference to the Secretary of the Treasury means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority to perform the function mentioned or described in the context.

Publication of a delegation order is not required to effect a valid delegation of the Secretary of Treasury to commence this action.  *United States v. Saunders*, 951 F.2d 1065, 1067-78 (9th Cir. 1991).

Defendants also argue that the letter is not authorization; rather, it is a mere request and as such does not meet the requirements of section 7401.  Again, Defendants have not provided any case law in support of this theory.  The Court finds that the letter fulfills the spirit and purpose of section 7401.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Daniel R Black's and Maire E. Black's Motion to Dismiss (Ct. Rec. 136) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of July, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2007\Black\denydismiss2.wpd

**ORDER DENYING DEFENDANTS DANIEL R. BLACK AND MAIRE E. BLACK'S MOTION TO DISMISS ~ 3**