1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DANIEL R. BLACK, *et al.*,

    Defendants.

NO.  CV-07-355-RHW

**ORDER GRANTING THE
UNITED STATES' SECOND
MOTION FOR ENTRY OF
ORDER OF JUDICIAL SALE**

On July 16, 2010, in its Order Granting the United States' Motion for Summary Judgment (ECF No. 205), the Court ordered that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001, and the proceeds from such sale be applied to the United States' liens on all property and rights to property belonging to Defendants Daniel R. Black and Maire E. Black.  The Court subsequently granted the United States' Motion for Entry of Judgment (ECF No. 224), and entered judgment  accordingly (ECF No. 225).

On September 19, 2011, the Black Defendants filed a Motion for Stay Pending Appeal to the Ninth Circuit Court of Appeals (ECF No. 253).  Defendants ask the Court to stay the judicial sale, but have not offered to post any bond.  Here, the Court does not find that the Black Defendants have met their burden of showing the presences of unusual circumstances that would justify granting an unsecured stay.  *See Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009).

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
ENTRY OF ORDER OF JUDICIAL SALE**  ~ 1

The Subject Property in this action consists of the following four parcels of land:

**Parcel A**

A 160-acre parcel identified by Chelan County Tax # 272201-100000.  The address for Parcel A is 56 Union Valley Loop Road, Chelan, Washington.  The Taxpayers' current residence is located on this parcel.  The legal description of Parcel A is as follows:

> Lots 1 and 2 and the South half of the Northeast quarter; and the Northwest quarter of the Southeast quarter of Section 1, Township 27 North, range 22 East of the Willamette Meridian.

**Parcel B**

A 27-acre parcel identified by Chelan County Tax # 272201-230025.  A mobile home permanently affixed to the land is located on this property.  The legal description of Parcel B is as follows:

> The Southwest quarter of the Northwest quarter and that portion of Government Lot 4, lying South of Union Valley Road #38 right of way in Section 1, Township 27 North, Range 22, E.W.M. Chelan County, Washington; except the East 575 feet thereof.

**Parcel C**

An 8-acre parcel identified by Chelan County Tax # 272201-200050.  Parcel C is commonly known as both 56 Valley Loop Road, Chelan, Washington, and 96 Valley Loop Road, Chelan, Washington.  The legal description of Parcel C is as follows:

> Beginning at the Southwest corner of the Northwest quarter of the Southeast quarter of Section 1, Township 27 North, range 22 East of the Willamette Meridian; thence North to the Northwest corner of the Northeast quarter of said Section 1; thence West 60 feet; thence South 980 feet; thence Southwesterly to a point 174 feet West of a point 320 feet South; thence South 50 feet; thence Southwesterly to a point of 127 feet East of a point 180 feet South; thence South to the South line of the Northeast quarter of the Southwest quarter of the above described in Section 1; thence East 60 feet to the point of beginning. Except right of way for the Union Valley Loop Road.

**Parcel D**

A 20-acre parcel identified by Chelan County Tax # 272201-42000 and

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR ENTRY OF ORDER OF JUDICIAL SALE** ~ 2

referred to as orchard property.  The legal description of Parcel D is as follows:
The North half of the Northwest quarter of the Southeast quarter of Section 1,
Township 27 North, Range 22 East of the Willamette Meridian.
(Hereinafter collectively "the Subject Property")

Accordingly, **IT IS ORDERED**:

1.    The United States Marshal for the Eastern District of  Washington (or
his/her representative), or an Internal Revenue Service Property Appraisal and
Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§
2001 & 2002 to offer for public sale and to sell, individually, collectively, or in
other combinations, the parcels constituting the Subject Property.  The United
States may choose either the United States Marshal or a PALS to carry out the sale
under this order and shall make the arrangements for any sale as set forth in this
Order.

2.    The United States Marshal or a PALS representative is authorized to
have free access to the Subject Property and to take all actions necessary to
preserve the Subject Property, including, but not limited to, retaining a locksmith
or other person to change or install locks or other security devices on any part of
the Subject Property, until the deed to the Subject Property-or a portion thereof , in
the event that parcels are not sold-is delivered to the ultimate purchaser.

3.    The terms and conditions of the sale are as follows:

a.    The sale of the Subject Property or any portion thereof under this
Order shall be free and clear of the interests of the United States, Defendants
Daniel R. Black and Maire E. Black, Defendant B.C. Trust, Defendant Summer
Hill Freedom Trust, and Defendant Hope Springs, Corporation Sole;

b.    The sale (or sales) shall be subject to building lines, if established, all
laws, ordinances, and governmental regulations (including building and zoning
ordinances) affecting the Subject Property, and easements and restrictions of
record, if any;

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
ENTRY OF ORDER OF JUDICIAL SALE** ~ 3

c.     The sale (or sales) shall be held at the courthouse of the county or city in which the Subject Property is located, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 & 2002;

d.     The date and time for sale (or sales) are to be announced by the United States Marshal or a PALS;

e.     Notice of the sale (or sales) shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Chelan County, and, at the discretion of the United States Marshal or a PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Subject Property or portion thereof being offered for sale and shall contain the terms and conditions of sale in this order of sale;

f.     The minimum bid for the Subject Property or portion thereof will be set by the Internal Revenue Service.  If the minimum bid is not met or exceeded, the United States Marshal or a PALS, without further permission of this Court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g.     The successful bidder(s) shall be required to deposit at the time of the same with the United States Marshal or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of Washington.  Before being permitted to bid at the sale, bidders shall display to the United States Marshal or a PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h.     The balance of the purchase price for the Subject Property or portion thereof is to be paid to the United States Marshal or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR ENTRY OF ORDER OF JUDICIAL SALE** ~ 4

District of Washington.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Defendants Daniel R. Black and Maire E. Black at issue herein.  The Subject Property or portion thereof shall be again offered for sale under the terms and conditions of this Order.  The United States may bid as a credit against its judgment without tender of cash;

i.      The sale of the Subject Property or portion thereof shall be subject to confirmation by this Court.  The United States Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

j.      On confirmation of the sale, the United States Marshal or a PALS shall execute and deliver a deed of judicial sale conveying the Subject Property or portion thereof to the purchaser;

k.      On confirmation of the sale, all interests in, liens against, or claims to, the Subject Property or portion thereof that are held or asserted by all parties to this action are discharged and extinguished;

l.      On confirmation of the sale, the recorder of deeds, Chelan County, Washington, shall cause transfer of the Subject Property or portion thereof to be reflected upon that county's register of title; and

m.      The sale of the Subject Property or portions thereof is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.      Until the Subject Property is sold, Defendants Daniel R. Black and Maire E. Black shall take all reasonable steps necessary to preserve the parcels constituting the Subject Property (including all buildings, improvements, fixtures and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR ENTRY OF ORDER OF JUDICIAL SALE** ~ 5

Property, and ensuring that the Subject Property's taxes are paid in a timely fashion. Defendants Daniel R. Black and Maire E. Black shall neither commit waste against the Subject Property nor cause or permit anyone else to do so. Defendants Daniel R. Black and Maire E. Black shall neither do anything that tends to reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so. Defendants Daniel R. Black and Maire E. Black shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5.      All persons occupying the Subject Property or a portion thereof shall leave and vacate the Subject Property or portion thereof permanently within 10 days of the first publication of the notice of the sale of the Subject Property of portion thereof, discussed above, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property or portion thereof). If any person fails or refuses to leave and vacate the Subject Property or portion thereof by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of the Subject Property or portion thereof is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the Subject Property or portion thereof by the time specified herein, the personal property remaining on the Subject Property or portion thereof is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR ENTRY OF ORDER OF JUDICIAL SALE** ~ 6

6.    The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

First, to the United States Marshal or a PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

Second, to all taxes unpaid and matured that are owed to (county, borough or school district) for real property taxes on the Subject Property;

Third, to the United States, in partial satisfaction of its valid and subsisting liens against Daniel R. Black, Maire E. Black, and Daniel R. Black and Maire E. Black jointly and severally, as described in paragraphs 3 through 5 of the Order Granting United States' Motion for Entry of Judgment, and pursuant to the Judgment entered in this case.

Finally, any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

7.    The United States' Second Motion for Entry of Order of Judicial Sale (ECF No. 251) is **GRANTED**.

8.    Defendants' Daniel R. Black and Maire E. Black's Motion for Stay Pending Appeal (ECF No. 253) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel and Defendants.

**DATED** this 29th day of September, 2011.


     *s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2007\Black\sale.wpd

**ORDER GRANTING THE UNITED STATES' SECOND MOTION FOR
ENTRY OF ORDER OF JUDICIAL SALE** ~ 7